# Case No. 12,014.

ROGERS et al. v. LEWIS et al.

[1 Lowell, 297.] [1]

District Court, D. Massachusetts. Dec., 1868.

SEAMEN — WAGES — DISCHARGE ABROAD — EXTRA WAGES—PASSAGE HOME.

1. Where seamen were shipped in Boston for a voyage "to port or ports in Hayti one or more times, or other West India ports, and back to port or ports, in the United States on this or any other vessel, term not to exceed six months," and went to Port au Prince in Hayti, where they were boarded on shore at the owner's expense, and then brought to Boston on another vessel, and their wages and all expenses were paid to the date of their return, for which they gave a receipt in full; *held*, they were not entitled to two months' extra wages, as having been discharged abroad; for the discharge was at home.

2. It is too late after the contract has been fully and voluntarily performed, for the seamen to object that they might have refused to perform it.

3. The seamen received all that would usually be due, even for an illegal discharge; namely, their expenses and wages to the home port.

The libellants [Thomas Rogers and others] were shipped at Boston in September last, on board the American steamer Maratanza, and signed articles which contained the following description of the voyage: "From the port of Boston to port or ports in Hayti one or more times, or other West India ports, and back to port or ports in the United States on this or any other vessel, term not to exceed six months." The reason for this peculiar contract was that the steamer had been sold by the respondents [William G. Lewis and others], her American owners, to the Haytian government, and it was supposed that she would not return to the United States, which proved to be the fact. Soon after the arrival of the libellants in Port au Prince, they were sent on shore and boarded there for some weeks at the owner's expense, and then brought home in another vessel, and their wages and all expenses were paid them to the time of their arrival at Boston, and they thereupon gave a receipt in full of all demands.

C. G. Thomas, for libellants.
I. W. Richardson, for respondents.

LOWELL, District Judge. It is contended by the libellants that they were discharged in a foreign country, and so are entitled to two months' extra wages, as provided by the statutes of 28th February, 1803, § 3 [2 Stat. 203], 20th July, 1840 [5 Stat. 394], and 18th August, 1856 [11 Stat. 52]. These laws are intended to secure to mariners whose contract is unexpectedly terminated, a fixed com-

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

pensation, in whatever part of the world they may be, as an indemnity for their disappointment. It is a conventional sum, which may be much more or much less than an actual indemnity. Whether they may in any and what cases agree to forego this payment, is not a question which arises in this case. For I hold with the counsel for the respondents that these men were not discharged in a foreign country within the meaning of the law. It does not appear that they either demanded or received any discharge from their contract; they rather acquiesced in its being carried out according to the construction put upon it by the master. Having received pay for the whole time of their service, and for a much longer period, namely, to the time of their return home, and all their expenses, they have had all that in an ordinary case they could recover if they had been wrongly discharged abroad, and it would be an anomaly if they could recover more than this when they have been dealt with in all fairness, and according to their contract. It does not appear by the evidence that any of the libellants would have been benefited by receiving two months' wages at Hayti instead of the sums which they have received. Nine of them have had one month's pay besides their expenses; and the evidence does not show whether the expenses here equalled the amount of the remaining month's wages. Probably they may, and if so, these men have suffered nothing. But as this was not called to the attention of the parties at the hearing, and is not made certain, I must decide the general question. And my opinion is that on the facts of this case the men were discharged here. The statute does not apply to a case where the owners, with the consent of the crew, and in accordance with the original contract, have brought them home and paid all their .expenses and their wages in full up to the time of their return.

It has been argued that the articles are void; because the law will not oblige seamen to serve in any other vessel than that on which they ship. The seamen did not raise this objection in season. They waited till the whole contract had been performed; and after that time a court of admiralty will not interpose excepting to see that they are fairly dealt with under the contract which they have in fact performed. In this case they appear to have received all that in equity they could possibly demand. If the owners, by the course they have taken, saved the payment of one month's wages each for these men to the consul at Port au Prince, for the use of the United States, the libellants have no cause of complaint on that account; nor can they justly demand damages for being treated as passengers during the voyage home, since they received the wages of seamen and were merely deprived of the labor. Libel dismissed.